UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Ashland

| | | |
|---|---|---|
| DANIEL SHANE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:26-cv-00027-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ROWAN COUNTY, KENTUCKY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Daniel Cooper filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Dkt. 1]. The Court subsequently granted his motion to proceed *in forma pauperis*. [*See* Dkt. 5]. The Court must review the complaint prior to service of process, and it must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage of the case, the Court liberally construes the complaint in the Plaintiff's favor and accepts all non-conclusory factual allegations as true. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). The Court therefore relays Cooper's allegations as fact in this opinion.

On December 2, 2024,[1] Cooper was confined as a pretrial detainee at the Bourbon County Jail. [Dkt. 1 at 6]. On that date, an unnamed law enforcement

[1] In Cooper's complaint, he lists the date of his injury as December 3, 2024. [Dkt. 1 at 6]. However, in two subsequent, substantially identical motions, Cooper states

officer from Rowan County, Kentucky, arrived at the jail to pick Cooper up to be transported to the Rowan County courthouse for a hearing in his pending criminal case. [*Id.*] While the officer placed Cooper in full restraints, he did not apply a seat buckle to Cooper when placing him in the transport vehicle. [*Id.*] During the trip, the officer took back roads, was driving faster than allowed by the speed limit, and was texting on his phone as he was driving. [*Id.*]

While driving through North Middletown, Kentucky, the officer hit a culvert, causing Cooper to be thrown into the air and hit his face and head against the vehicle's window. [*Id.* at 6–7]. The officer's offroad misadventure flattened one of the vehicle's tires, forcing him to pull the vehicle to the side of the road. [*Id.* at 7]. Cooper requested immediate medical treatment, but the officer denied him, stating that he would be driven directly to the courthouse. [*Id.* at 7–8]. After the officer failed in his attempt to change the tire, nearby residents offered assistance. [*Id.* at 8]. One resident stated that the tire appeared to have been damaged by hitting something, to which the officer responded, "if I did I don't remember." [*Id.* at 8–9]. Once back on the road, the officer again denied Cooper's request for medical care but offered his own panacea as a *quid pro quo*: cigarettes for Cooper to smoke in the vehicle if he did not report the accident to the officer's supervisors. [*Id.* at 9–10].

---

that the actual date was December 2, 2024, and requests to amend his complaint to so indicate. [Dkt. 11 at 1; Dkt 12 at 1]. At this stage of the case, Cooper has a right to amend his complaint once as a matter of right. *See* Fed. R. Civ. P. 15(a). The Court will therefore grant his motions to amend, and liberally treat his original pleading as modified with the corrected date as set forth in his two motions to amend.

Once at the Rowan County Courthouse, a second unidentified officer denied Cooper's request for medical care. [*Id.* at 10]. After Cooper attended his court hearing, the first officer drove him back to the Bourbon County Jail—this time without incident. [*Id.* at 10]. Once back at the jail, Cooper immediately requested medical care. [*Id.*] He also filed a grievance at the Bourbon County Jail. [*Id.*; *see also* Dkt. 1-1 at 2]. While jail staff immediately took photographs of the "knot" on his face, they did not provide a medical examination until 1–2 days later. [Dkt. 1 at 10–11]. An x-ray revealed that Cooper had suffered a hematoma. [*Id.*]. Cooper also complains that the accident has negatively affected his vision in his right eye. [*Id.*].

In his complaint, Cooper lists as defendants the unnamed deputy of the Rowan County Sheriff's Department, the Rowan County Sheriff's Department, and Rowan County, Kentucky. [Dkt. 1 at 2]. He seeks damages for violation of unspecified rights. [*See id.* at 4].

The Court has thoroughly reviewed the complaint and the materials filed in support of it and will dismiss this action because the complaint fails to state a claim upon which relief can be granted. At most, Cooper has alleged that the unknown deputy injured him by driving negligently. Negligence, however, is not a ground on which a § 1983 suit can stand. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) ("[M]ere lack of due care by a state official may [not] 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *see also Durham v. Estate of Losleben by & through Tatum*, 744 F. App'x 268, 271–72 (6th Cir. 2018) (affirming the dismissal of the complaint where the "Plaintiff . . . failed to state anything more

than negligence or, at most, gross negligence" because fatal accidents involving firefighters speeding while responding to non-emergencies "are, sadly, regular occurrences"). Cooper might be able to plead a valid claim if he were to allege that the delay in medical attention was the result of deliberate indifference to his rights and that it exacerbated his condition, but he has alleged nothing of the sort. *See, e.g.*, *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 778–79 (6th Cir. 2012) ("[A pretrial detainee] who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004))). Consequently, Cooper's claims against the unknown Rowan County deputy fail to state a claim upon which relief can be granted and therefore are dismissed.

Cooper also names the Rowan County Sheriff's Department as a defendant. [Dkt. 1 at 2]. But "[b]ecause the [Rowan] County [Sheriff's Department] is a department of the county, the county is the appropriate party to address [Cooper]'s suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)). Even so, Cooper has pled no viable claims against the Sheriff's Department. In fact, the complaint does not contain any specific claims—or even allegations—against the Sheriff's Department. The allegation that Cooper's injury was caused by a deputy who worked for the Sheriff's Department is not enough. Section 1983 does not allow local governmental agencies to be held vicariously liable for the torts allegedly committed by their employees. *See Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer."). Instead, a local governmental agency can be held liable under § 1983 only when the plaintiff's injury was allegedly the result of a policy or custom of the local government. *See Wiley v. City of Columbus*, 36 F.4th 661, 670 (6th Cir. 2022); *see also Webb v. Jessamine Cnty. Fiscal Court*, 802 F. Supp. 2d 870, 885–86 (E.D. Ky. 2011) (granting summary judgment for the defendant county because the plaintiff had not shown that her injury was the result of any policy or custom of the defendant county). And the complaint contains no allegations whatsoever even suggesting that Cooper's injuries were caused by any policy or custom of the Rowan County Sheriff's Department. Thus, Cooper makes no allegations that would even conceivably allow liability to be imposed on the Sheriff's Department. So the claims against the Rowan County Sheriff's Department are dismissed as well.

Finally, Cooper names Rowan County, Kentucky, as a defendant. Again, however, he makes no allegations at all against this defendant. And, as with the Sheriff's Department, Cooper does not show that his alleged injuries were caused by any policy or custom of the Rowan County government. He therefore fails to state a claim for relief against Rowan County. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

For the foregoing reasons, it is **ORDERED** as follows:

1. The Plaintiff's Motions for Leave to Amend Complaint, [Dkt. 11] and [Dkt. 12], are **GRANTED** for administrative purposes. The Court **CONSTRUES** Cooper's complaint to include his original pleading, [Dkt 1], as modified with the corrected date included in his motions.

2. The Motion to Compel, [Dkt. 16], is **DENIED** as moot.

3. The Complaint, [Dkt. 1], is **DISMISSED with prejudice**.

4. This matter is **STRICKEN** from the Court's active docket.

5. A separate judgment will be entered.

Signed this 26th day of October, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky